UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLUE AXIS GLOBAL LTD, *et al.*
                    Petitioners,

            -v-

ALOPEX ADVISORS, LLC,
                    Respondent.

25-CV-9678 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Petitioners Blue Axis Global Ltd ("Blue Axis") and Longbyte Inc. bring this action

against Respondent Alopex Advisors, LLC ("Alopex") pursuant to 9 U.S.C. § 207 to confirm a

final arbitration award on costs and interest (the "Final Award") issued on October 17, 2025.  For

the reasons that follow, the petition to confirm is granted.

I.      **Background**

Petitioners are part of a group of affiliated companies known as the Bixin Group

("Bixin").  (ECF No. 1 ("Pet.") ¶ 8.)  In 2021, Bixin engaged Alopex to aid its efforts to invest in

a cryptocurrency mining facility in Iceland.  (*Id.* ¶ 16.)  Through Blue Axis, Bixin entered into a

Letter of Engagement with Alopex setting forth the terms of their relationship.  (*Id.* at ¶ 17; ECF

No. 6-5 ("Agmt.").)  The Letter of Engagement required that Bixin escrow a $4 million "Security

Deposit" to secure the site of the facility.  (Agmt. § 2.4.)  In accordance with the Letter of

Engagement, Longbyte deposited that amount into escrow.  (Pet. ¶ 17.)  Alopex subsequently

liquidated the escrow and became the "Custodian" of the Security Deposit.  (*Id.* at n.4.)  The

Letter of Engagement also required Alopex to deliver a "definitive written power purchase,

power sublease, or similar agreement between Bixin and the power provider of the Facility by or

within thirty (30) calendar days of confirmation of full payment of the cash Security Deposit."

(*Id.* ¶ 18.)  Failure to deliver required Alopex to return the full Security Deposit to Bixin.  (*Id.* ¶ 20.)  The Letter of Engagement also provided that "[a]ny dispute, controversy, or claim arising out of or in connection with this contract, or the breach . . . thereof, shall be finally settled by arbitration administered by the Hong Kong International Arbitration Centre."  (Agmt. § 8.6.)

Alopex failed to meet its required deadline but refused to return the Security Deposit, notwithstanding its obligations under the Letter of Engagement.  (Pet. ¶¶ 19-21.)  Subsequently, Petitioners commenced arbitration in the Hong Kong International Arbitration Centre seeking to recover the Security Deposit.  (*Id.* ¶ 22.)  On June 23, 2025, the arbitrator issued a Partial Final Award finding in favor of Petitioners on the issue of liability and ordering that Alopex pay the $4 million to Petitioners.  (*Id.* ¶¶ 24-25.)  The Partial Final Award also directed the parties to submit briefing on the costs and expenses incurred in the arbitration.  (*Id.* ¶ 26.)  In a related case, this Court confirmed the Partial Final Award.  *Blue Axis Glob. Ltd v. Alopex Advisors, LLC*, No. 25-CV-5640, 2025 WL 2959002 (S.D.N.Y. Oct. 16, 2025).

On October 17, 2025, the arbitrator issued the Final Award awarding Petitioners $1,248,764.46 in costs and expenses, with post-award interest.  (Pet. ¶¶ 31, 33.)  The Final Award also directed Alopex to pay Petitioners pre-award interest on the $4 million award sum totaling $1,158,815.41, and to pay Petitioners post-award interest on the $4 million at the rate referred to in section 80(3) of the Arbitration Ordinance from June 24, 2025 until the date of full payment.  (*Id.*)  Alopex has not satisfied either the Partial Final Award or the Final Award.  (*Id.* ¶¶ 34-35.)

Petitioners commenced this action on November 20, 2025 and filed a memorandum of law in support of their petition to confirm arbitration.  (*See generally id.*; ECF No. 7.)  Alopex filed an opposition (ECF No. 12) and Petitioners filed a reply in further support (ECF No. 13).

## II.    Discussion

As discussed in the Court's order in the related *Blue Axis* case, "[u]nder the New York Convention, an application to confirm an arbitral award 'is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *Blue Axis Global*, 2025 WL 2959002, at *1 (quoting *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022)).  "Article V of the New York Convention contains an exhaustive list of seven defenses to confirmation, which includes incapacity, lack of notice, and inapplicability of the arbitration provision." *Id.* (citing *Commodities & Mins. Enter. Ltd.*, 49 F.4th at 809 n.4).  "[A] district court *must* enforce an arbitral award . . . unless a litigant satisfies one of the seven enumerated defenses." *Corporación Mexicana de Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración y Producción*, 832 F.3d 92, 106 (2d Cir. 2016).

As in the prior case, Alopex now argues only that the Court should "defer ruling" on the pending petition because Alopex is investigating "a potential application in Hong Kong to set aside the Awards."  (ECF No. 12 at 4.)  Despite not having made such an application, Alopex asks the Court to defer ruling until it has "received a final ruling on any [such] application."  (*Id.*)  This argument fails now for the same reasons that it failed before.  Alopex states that it is conducting an "ongoing investigation into whether Petitioners submitted false or materially misleading information during the arbitration" but fails to provide any particularized account of that potentially false or misleading submission.  (*Id.*)  It is true that an article of the New York Convention provides that "a district court 'may, if it considers it proper, adjourn the decision on the enforcement of the award' if 'an application for the setting aside or suspension of the award' has been made in the jurisdiction in which the award was made." *Iraq Telecom Ltd. v. IBL Bank S.A.L.*, No. 22-832, 2023 WL 2961739, at *1 (2d Cir. Apr. 17, 2023) (summary order) (quoting

Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. 6, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, *implemented by* 9 U.S.C. § 201 *et seq*.).  But the discretionary authority recognized in the New York Convention does not even apply here, where Alopex has not actually made an application to set aside the award.  On this record, Alopex's "mere speculation" does not warrant deferring on the pending petition.  *See Blue Axis Global*, 2025 WL 2959002, at *2.

Because Alopex has failed to meet its burden of showing that a defense to confirmation applies, the Court grants the petition.

## III. Conclusion

For the foregoing reasons, the petition to confirm the arbitration award is GRANTED.

The Clerk of Court is directed to enter judgment in favor of Petitioners:

(1) in the amount of $2,552,812.92, representing the Tribunal's award of costs ($1,248,764.46) and pre-award interest ($1,158,815.41), and an additional amount of post-award interest accrued as of the date of the filing of the Petition ($135,636.38); plus

(2) additional post-award interest on the $4,000,000 Award Sum at the rate referred to in section 80(3) of the Arbitration Ordinance, which is currently 8.25% per annum, calculated from the date of filing of the Petition (November 20, 2025) to the date of judgment.

The Clerk is directed to close the motion at Docket Number 5 and to close the case.

SO ORDERED.

Dated: June 30, 2026
New York, New York

_____
J. PAUL OETKEN
United States District Judge

4